STOKES WAGNER ALC
PETER B. MARETZ, SBN 144826
pmaretz@stokeswagner.com
600 West Broadway, Suite 910
San Diego, CA 92101
Telephone:   (619) 232-4261
Facsimile:   (619) 232-4840

Attorney for Defendants WERNER
ENTERPISES, INC. and DRIVERS
MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRYANT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>WERNER ENTERPRISES, INC. a Nebraska Corporation; DRIVERS MANAGEMENT LLC, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Complaint Filed: February 10, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DANIEL BRYANT AND HIS ATTORNEY(S) OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants WERNER ENTERPRISES, INC. ("Werner Enterprises") and DRIVERS MANAGEMENT, LLC ("Drivers Management") (collectively, "Defendants") hereby remove the above-entitled action brought by Plaintiff DANIEL BRYANT in the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1332(d) (Class Action Fairness Act of 2005) and 1446 on the following grounds:

**I.      STATEMENT OF DIVERSITY JURISDICTION UNDER THE CAFA**

1.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

2.      This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) the total amount in controversy for all putative class members exceeds $5,000,000; and (4) there is diversity between at least one class member and Defendants.

/ / /

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO FEDERAL COURT

3.      CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which one defendant is not a citizen. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     VENUE

5.      This action was filed in the Superior Court for the State of California for the County of San Bernardino. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84, 1391, 1441 and 1446.

## III.     STATUS OF PLEADINGS, PROCESS AND ORDERS

6.      On or about February 10, 2020, Plaintiff commenced this action by filing an unverified class action complaint, entitled *Daniel Bryant, individually and on behalf of all others similarly situated, v. Werner Enterprises, Inc. and Drivers Management LLC and DOES 1-50*, designated Case No. CIVDS2004170 ("Complaint"), in the Superior Court of the State of California, County of San Bernardino ("San Bernardino Superior Court"). A true and correct copy of the Complaint, Civil Case Cover Sheet and Certificate of Assignment are attached to this Notice as **Exhibit A**. Plaintiff alleges that he and the members of the putative class he purports to represent are all current and/or former Non-Exempt employees who were employed by Defendants in the State of California during the period of February 10, 2016 (four years before filing of complaint), through the date of the resolution of this action. Complaint ¶ 10.

7.      In the Complaint, Plaintiff alleges the following causes of action on his own behalf and on behalf of the putative class members they seek to represent: (1) Failure to Pay Minimum Wages (Alleged Violation of Cal. Labor Code §§ 1194, 1194.2, 1197, 1197.1, 200, 226.2 & applicable IWC Wage Orders); (2) Failure to

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Provide Meal Periods or Compensation in Lieu Thereof (Alleged Violation of Cal. Labor Code §§ 512 and 226.7 and applicable IWC Wage Orders); (3) Failure to Provide Rest Periods or Compensation in Lieu Thereof (Alleged Violation of Cal. Labor Code §§ 226.7, 226.2 and applicable IWC Wage Orders); (4) Failure to Pay Timely Pay (Sic) Wages (Alleged Violation of Cal. Labor Code §§ 201-203); (5) Failure to Provide Accurate Itemized Wage Statements (Alleged Violation of Cal. Labor Code §§ 226, 266.3); (6) Failure to Indemnify Necessary Business Expenses (Alleged Violation of Cal. Labor Code §§ 226, 2802, 2804); and (7) Unfair Competition  (Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

8.     This action was brought as a putative class action pursuant to California Code of Civil Procedure § 382, which authorizes actions brought by one or more representative persons as a class, similar to Rule 23 of the Federal Rules of Civil Procedure.

9.     On February 10, 2020, a Summons was issued. Attached as **Exhibit B** is a true and correct copy of the Summons.

10.     On February 11, 2020, the Court issued an Initial Case Management Conference Order and Guidelines for the Complex Litigation Program. The Order provided that the case was assigned to Judge David Cohn in Department S26 and that a Case Management Conference was scheduled for May 1, 2020. Attached as **Exhibit C** is a true and correct copy of the Initial Case Management Conference Order and Guidelines for the Complex Litigation Program.

11.     On April 9, 2020, Werner Enterprises and Drivers Management were served with the Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, Initial Case Management Conference Order, and Guidelines for the Complex Litigation Program. (See **Exhibit D** (identifying Defendants' response deadline as May 11, 2020)).

/ / /

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

12.     On April 20, 2020, Plaintiff submitted a Request to Continue the Initial Case Management Conference. Attached hereto as **Exhibit D** is a true and correct copy of the Request for Continuance of Initial Case Management Conference.

13.     On April 29, 2020, the San Bernardino Superior Court reset the Case Management Conference until August 7, 2020.  Attached hereto as **Exhibit E** is a true and correct copy of the Order Continuing Initial Case Management Conference.

14.     To Defendants' knowledge, no other processes, pleadings or orders related to this case have been served or filed in the San Bernardino Superior Court. Attached as **Exhibit F** is a true and correct copy of the Superior Court's Docket, last visited May 7, 2020.

15.     The Northern District of California has previously exercised jurisdiction, under CAFA, over two other putative class actions alleging the same claims as the instant class action: (1) *Russell v. Werner Enterprises, Inc., et al.*, Northern District of California Case No. 4:14-cv-03839-PJH ("*Russell/Abarca*"), which was removed on August 25, 2014 and thereafter retitled as *Abarca et al. v. Werner Enterprises, Inc., et al.* after being transferred to the District of Nebraska. (Declaration of Joseph E. Jones ("Jones Decl."), filed concurrently herewith, ¶2, Exh. A (Notice of Removal in *Russell*)); and (2) *Smith v. Werner Enterprises, Inc., et al.*, Northern District of California Case No. 3:15-cv-02978 RS ("*Smith*"), which was removed on June 26, 2015 (Jones Decl., ¶3, Exh. B (Notice of Removal in *Smith*)).

16.     *Russell/Abarca* involves a putative class of truck drivers who claim they worked for Werner Enterprises in California during the period of time from June 4, 2010, through the present, which includes the putative class that Plaintiff seeks to represent in the instant Complaint. Jones Decl. ¶2, Exh. A (Notice of Removal in *Russell* at ¶5 and Exhibit A thereto, Complaint, ¶¶6, 9); Complaint ¶10.

The same causes of action alleged in this case are also asserted in *Russell*. Complaint, ¶¶48-56, 57-63, 64-69, 70-74, 75-72, 83-86, 87-92; Jones Decl. ¶2, Exh. A (Notice of Removal in *Russell* at Exhibit A thereto, Complaint, ¶¶ 16-20, 21-25, 26-30, 31 34, 35-39). The operative complaint in *Abarca* alleges putative class claims on behalf of "all truck drivers who, while working for [Defendants], picked up and/or dropped off a load in the state of California after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit" (the "California Class"). Jones Decl. ¶4, Exh. C (Fourth Amended Complaint in *Abarca* ¶8). Six causes of action are alleged against Defendants on behalf of the proposed California Class: (1) failure to provide meal and rest periods; (2) failure to pay minimum and/or regular wages for all time worked; (3) unauthorized and improper "pay deductions"; (4) failure to provide and maintain accurate itemized wage statements and records; (5) violation of Business and Professions Code section 17200 *et seq.*; and (6) violation of other provisions of the Labor Code for which recovery is allowed pursuant to the Private Attorneys' General Act ("PAGA"), Labor Code section 2698 *et seq.* (*Id.* ¶¶19-48.) These claims also include requests for waiting time penalties for failure to pay wages due upon termination. (*Id.* ¶¶21, 26, 31).

17.     *Smith* involves a putative class of truck drivers who claim they worked for Werner Enterprises in California during the period from May 12, 2011, through the present, which includes the putative class that Plaintiff seeks to represent in the instant Complaint. Jones Decl. ¶3, Exh. B (Notice of Removal in *Smith* ¶3 and Exhibit A thereto); Complaint ¶ 10). The causes of action alleged in this case are similar to the claims alleged in *Smith*. Complaint, ¶¶ 48-56, 57-63, 64-69, 70-74, 75-72, 83-86, 87-92; Jones Decl. ¶3, Exh. B (Notice of Removal in *Smith* and Exhibit A thereto, Complaint, ¶¶ 75-84, 85-106, 107-124, 125-130, 131-139, 140-146, 147-156).

18.    As in *Russell/Abarca*, the Northern District of California transferred the *Smith* Action to the District of Nebraska after removal. After the *Smith* action was transferred to the District of Nebraska, it was consolidated with the *Russell/Abarca* action because the Nebraska federal court concluded the two actions involved similar allegations of alleged violations of California law and therefore involved common issues of law and fact. Jones Decl. ¶5, Exh. D (Memorandum and Order granting Motion to Consolidate Cases for purposes of discovery and trial).

19.    This Court has previously exercised jurisdiction, under CAFA, over another putative class action alleging the same claims as the instant class action: *Joel Vester et al. v. Werner Enterprises, Inc., et al.*, Superior Court of California, County of San Bernardino, Case No. CIVDS1621355 ("*Vester*"). (Jones Decl., ¶6, Exh. E (Notice of Removal in *Vester*)).

20.    *Vester* involves a putative class of truck drivers who claim they worked for Werner Enterprises exclusively in California during the period from December 15, 2012, through the present, which includes the putative class that Plaintiff seeks to represent in the instant Complaint. Jones Decl. ¶6, Exh. E (Notice of Removal in *Vester* ¶6 and Exhibit A thereto, Complaint); Complaint ¶10. The causes of action alleged in this case are similar to the claims alleged in *Vester*. Complaint, ¶¶ 48-56, 57-63, 64-69, 70-74, 75-72, 83-86, 87-92; Jones Decl. ¶6, Exh. E (Notice of Removal in *Vester* and Exhibit A thereto, Complaint, ¶¶ 43-53, 54-61, 62-69, 70-74, 75-79, 80-89).

21.    As in *Russell/Abarca* and *Smith*, this Court transferred the *Vester* Action to the District of Nebraska after removal. After the *Vester* action was transferred to the District of Nebraska, the Nebraska federal court denied the *Vester* Plaintiffs' Renewed Motion to Remand and found that the jurisdictional minimum was satisfied because the amount in controversy exceeded five million dollars and

the *Vester* Plaintiffs did not establish to a legal certainty that their claim is for less than the requisite amount. Jones Decl. ¶7, Exh. F (Memorandum and Order denying Plaintiffs' Renewed Motion for Remand). The Nebraska federal court also consolidated *Vester* with the *Russell/Abarca* and *Smith* actions because the Nebraska court concluded the actions all involved similar allegations of alleged violations of California law and therefore involved common issues of law and fact. Jones Decl. ¶8, Exh. G (Order consolidating cases for all purposes).

## IV.   TIMELINESS OF REMOVAL

22.   This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Here, Plaintiff served the Summons and Complaint on April 9, 2020. See **Exhibit D**. Thereafter, Defendants filed this Notice of Removal on May 8, 2020, which is within thirty days from the completion of service. Thus, removal is timely. *Patterson v. Cate*, 2013 WL 6185221, at *2 n.2 (E.D. Cal. Nov. 26, 2013); *Citibank, N.A. v. Francisco*, 2013 U.S. Dist. LEXIS 108999, at *5-6 (E.D. Cal. Aug. 1, 2013); *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *15 (E.D. Cal. Jan. 11, 2011); *Doijode v. Sears, Roebuck and Co.*, 2006 WL 149007, at *3 (N.D. Cal. Jan. 18, 2006).

## V.   PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

23.   Plaintiff seeks to represent current and former truck driver employees whom Plaintiff claims were employed by Defendants in the State of California during the period of February 10, 2020, through the date of the resolution of this case. Complaint ¶10.

24.   In the time period relevant for removal and going back four years prior to the filing of the Complaint, Defendants have employed in excess of 100 truck

drivers who drove in California. *See* Complaint ¶15 (alleging "there are at least 100 (one hundred) Class members"). Thus, the proposed class in this case exceeds the jurisdictional minimum of 100 individuals/members.

## VI.   DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES

25.   Defendants are not states, state officials, or other governmental entities.

## VII.   PLAINTIFF'S CITIZENSHIP IS DIVERSE FROM DEFENDANTS' CITIZENSHIP

26.   **Plaintiff is a citizen of California.** Complaint ¶6. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

27.   Plaintiff is a resident and citizen of the State of California. Complaint ¶6. Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Chamness v. Stonebridge Life Ins. Co.*, No. CV 09–0780 AHM (JCx), 2009 WL 734137, at *2 (C.D. Cal. Mar. 18, 2009) (finding residency allegations in complaint "sufficient" to support citizenship allegations in removal notice); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Lew*, 797 F.2d at 751 (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Marroquin v. Wells Fargo, LLC*, Civil No. 11cv163–L (BLM), 2011 WL 476540, at *1 (S.D.

Cal. Feb. 3, 2011) (a person's residence is *prima facie* his domicile). Accordingly, Plaintiff is a citizen of the state of California for purposes of analyzing diversity jurisdiction.

28.   **Werner Enterprises is a citizen of Nebraska**. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

29.   Werner Enterprises is incorporated under the laws of the State of Nebraska and is therefore a citizen of the State of Nebraska. Declaration of Nathan J. Meisgeier ("Meisgeier Decl."), ¶2. Werner Enterprises' principal place of business is located at its corporate headquarters in Omaha, Nebraska. *Id.* Its executive and senior management personnel work out of Werner Enterprises' headquarters in Nebraska. *Id.* Thus, Werner Enterprises is a citizen of Nebraska for diversity purposes.

30.   **Drivers Management is a citizen of Nebraska**. For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company is determined by examining the citizenship of each of its members. *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).

31.   Drivers Management is a Delaware limited liability company with its principal place of business in Omaha, Nebraska. Meisgeier Decl., ¶3. Drivers Management's sole member is Gra-Gar, LLC ("Gra-Gar") which is a limited liability company organized under the laws of the State of Delaware with its

principal place of business in Omaha, Nebraska. *Id.* The only member of Gra-Gar is Werner Enterprises. *Id.* As explained above, Werner Enterprises is a citizen of Nebraska for diversity purposes. Thus, for purposes of diversity jurisdiction, Drivers Management is a citizen of Nebraska.

32.     This action satisfies diversity requirements because Plaintiff is a citizen of the State of California and Defendants are citizens of Nebraska for diversity purposes. Therefore, the complete diversity requirements of 28 U.S.C. § 1332(a) are satisfied, along with the less strict diversity requirements under CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

## VIII.  AMOUNT IN CONTROVERSY EXCEEDS $5,000,000[1]

33.     This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

34.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

35.     Defendants expressly deny any liability for the damages alleged in Plaintiff's complaint. However, for purposes of determining whether the minimum

---

[1]  The amount in controversy allegations contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

10

amount in controversy for removal purposes has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, and not what the defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

36.     Here, Plaintiff does not allege an amount in controversy for the putative class. Plaintiff merely estimates, without elaboration, that the amount in controversy is less than $5,000,000. Complaint ¶4. However, Plaintiff also claims the class is at least 100 Non-Exempt employees who work or have worked for Defendants from February 10, 2016, through the present (a 4-year period) in the State of California. Complaint ¶¶7, 10, 15. Among other relief, Plaintiff seeks compensatory damages, liquidated damages, statutory penalties, attorneys' fees, equitable, and injunctive relief, for himself and each of the putative class members. *See* Complaint, p. 18-20, Prayer. Given the nature of the claims (unpaid minimum wages, failure to provide meal and rest breaks, inaccurate wage statements, illegal wage deductions, failure to pay wages at termination, and various related penalties), the fact that Plaintiff claims there are at least one hundred current or former Non-Exempt Employees in the putative class, and the fact that Plaintiff seeks numerous forms of monetary relief for himself and those class members for each claim over at least a 4-year period, Defendants reasonably believe the amount in controversy is in excess of the $5,000,000 threshold. Indeed, the *Russell/Abarca, Smith* and *Vester* actions were also removed under CAFA and those cases asserted the same claims. Although the *Vester* class definition (drivers who drove exclusively in the State of California) is more narrow than the putative class Plaintiff seeks to represent here

---

11

(Non-Exempt Employees in the State of California), both this Court and the Nebraska federal court found that, even under the more limited class definition, the CAFA jurisdictional threshold of $5,000,000 was satisfied. Jones Decl. ¶7, Exh. F (Memorandum and Order denying Plaintiffs' Renewed Motion for Remand). The putative class described in the instant complaint is merely a subset of the putative classes in *Russell/Abarca, Smith* and *Vester*, where the jurisdictional amount was satisfied. Because the putative class here is included in the putative classes described in those cases and all of the claims asserted here are also asserted in those cases, the amounts in controversy in those cases may also be considered here. *See*, *e.g.*, *Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405 (6th Cir. 2008) (holding that separate actions filed in state court relating to separate time periods could be aggregated for purposes of satisfying the amount in controversy requirement of the Class Action Fairness Act "where there [was] no colorable basis for dividing up the sought-for retrospective relief . . . other than to frustrate CAFA."); *Proffitt v. Abbott Labs.*, No. 2:08-CV-151, 2008 U.S. Dist. LEXIS 72891, at *5-13 (E.D. Tenn. Sep. 23, 2008) (same).

37. Accordingly, the $5,000,000 jurisdictional amount requirement of the CAFA is easily satisfied.

38. Since the named Plaintiff and Defendants are diverse and the amount in controversy exceeds the $5,000,000 threshold, this Court has original diversity jurisdiction under the CAFA.

## IX.   NOTICE TO PLAINTIFF AND STATE COURT

39. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned provided written notice of such filing to Plaintiff's counsel of record: James K. Hawkins, Gregory Mauro, and Michael Calvo, James Hawkins APLC, 9880 Research Drive, Suite 800, Irvine, CA 92618. In addition, a copy of this Notice of

Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

## X.    CONCLUSION

For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30) days of service on any defendant of a paper providing notice that a basis for removal of this action exists. Defendants respectfully request that the Court remove this civil action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

DATED:  May 8, 2020

STOKES WAGNER ALC

By: /s/ Peter B. Maretz
PETER B. MARETZ
Attorney for Defendants WERNER
ENTERPRISES, INC. and DRIVERS
MANGEMENT, LLC

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO FEDERAL COURT