STOKES WAGNER ALC
PETER B. MARETZ, SBN 144826
pmaretz@stokeswagner.com
600 West Broadway, Suite 910
San Diego, CA 92101
Telephone:   (619) 232-4261
Facsimile:   (619) 232-4840

FRASER STRYKER PC LLO
JOSEPH E. JONES, NE Bar #15970 (*pro hac vice application forthcoming*)
jjones@fraserstryker.com
ELIZABETH A. CULHANE, NE Bar #23632 (*pro hac vice application forthcoming*)
jjones@fraserstryker.com
eculhane@fraserstryker.com
409 South 17th Street, Suite 500
Omaha, NE 68102
Telephone:   (402) 341-6000
Facsimile:   (402) 341-8290

Attorneys for Defendants
WERNER ENTERPISES, INC. and
DRIVERS MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRYANT, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>WERNER ENTERPRISES, INC. a Nebraska Corporation; DRIVERS MANAGEMENT LLC, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>                              Defendants. | Case No. 5:20-cv-00994 JGB (KKx)<br><br>**DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE**<br><br>Date: June 29, 2020<br>Time: 9:00 a.m.<br>Ctrm: 1<br>Judge: Hon. Jesus G. Bernal<br><br>Complaint Filed: February 10, 2020 |

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ................................................................ 1

II.    PROCEDURAL AND FACTUAL BACKGROUND ............................... 3

     A.     Procedural Overview ................................................ 3

     B.     Plaintiff's Employment With Defendants ........................... 3

     C.     Defendants' Operations ............................................ 4

     D.     The *Abarca* Action ............................................... 5

     E.     The *Smith* Action ................................................ 6

     F.     The *Vester* Action ............................................... 8

III.   LEGAL ARGUMENT ........................................................ 9

     A.     This Action Should Be Transferred Under The
             First-To-File Rule. ................................................ 9

           1.     This Action Was Filed After *Abarca*,
                   *Smith*, and *Vester*. .................................... 10

           2.     This Action Asserts The Same Claims As
                   The *Abarca, Smith,* and *Vester* Actions,
                   Which Have Already Been Transferred
                   To Nebraska. ............................................ 11

                 a)     The Parties Substantially Overlap. .................... 11

                 b)     The Issues/Claims In This Action
                       Are The Same As In *Abarca*, *Smith*,
                       and *Vester* ........................................ 12

           3.     None Of The Exceptions To The First-To-
                   File Rule Apply. ......................................... 13

           4.     All Other Relevant Factors Weigh
                   Heavily In Favor Of Transfer. ........................... 14

     B.     This Action Should Be Transferred Under 28
             U.S.C. § 1404(a). ................................................ 15

           1.     Venue Is Proper In The District Of
                   Nebraska. ............................................... 16

i

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

**2.      Plaintiff Could Have Filed This Action In Nebraska.** .................................................................. **17**

**3.      Transfer Will Serve The Convenience Of Parties And Witnesses And Will Promote The Interest Of Justice.** ...................................... **17**

**a)      The Court Should Give Little Weight To Plaintiff's Choice of Forum.** ............................................ **19**

**b)      The Convenience Of Parties And Witnesses Weighs In Favor Of Transfer.** ........................................... **20**

**c)      The Ease Of Access To Sources Of Proof Favors Transfer.** ................................. **21**

**d)      The District Of Nebraska Is Familiar With The Relevant Wage And Hour Laws.** ....................................... **22**

**e)      The Alleged Events On Which Plaintiff Relies As The Basis for His Claims Occurred, if at all, in the District of Nebraska.** ............................... **23**

**f)      The Relative Docket Congestion Weighs In Favor of Transfer.** ............................ **23**

**g)      Considerations Of Judicial Economy Favor Transfer.** ............................ **24**

**IV.      CONCLUSION** ................................................................ **24**

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.*, 2013 U.S. Dist. LEXIS 3598 (E.D. Cal. Jan. 9, 2013) ........................................ 9

*Alexander v. Franklin Res., Inc.*, 2007 U.S. Dist. LEXIS 19727 (N.D. Cal. Feb. 14, 2007) .................................................................. 21

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991) ...9, 10, 13, 14

*Animal Legal Defense Fund v. U.S. Food & Drug Administration*, 836 F.3d 987 (9th Cir. 2016) ................................................................ 9

*Belle v. Chrysler Group, LLC*, 2013 WL 12131368 (C.D. Cal. Apr. 8, 2013) ................................................................................ 12

*Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 254064 (C.D. Cal. Jan. 25, 2012) ................................................ 21

*Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979) .......................................................... 9, 14

*Continental Grain Co. v. The FBL-585*, 364 U.S. 19 (1960) ................ 18

*Ervin v. Kelly*, 2010 U.S. Dist. LEXIS 74459 (W.D. Wash. Jul. 23, 2010) .......................................................................................... 9

*Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 U.S. Dist. LEXIS 35500 (N.D. Cal. May 3, 2007) .................................................. 20, 22

*E-Z-EM, Inc. v. Mallinckrodt*, 2010 U.S. Dist. LEXIS 31419 (E.D. Tex. Feb. 26, 2010) .................................................................. 9

*Fossum v. Northwestern Mut. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 99904 (N.D. Cal. Sept. 6, 2010) ...................................... 13

*Fuchun Chang v. Flagstar Bank FSB*, 2014 U.S. Dist. LEXIS 41711 (N.D. Cal. Mar. 24, 2014) .................................................. 16

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503 (C.D. Cal. 1992) .................................................... 16

*Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208 (S.D. Cal. 2013) ............... 22

*Herrera v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 141976 (N.D. Cal. Dec. 9, 2011) .................................................... 10, 13

*In re Funeral Consumers Antitrust Litig.*, 2005 U.S. Dist. LEXIS 48243 (N.D. Cal. Sept. 23, 2005) ...................................... 20

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949 (N.D. Cal. 2008)................................................................ 10, 11

*Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)........................................................................................ 18, 21

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000)............................ 18

*King-Scott*, 2010 U.S. Dist. LEXIS 44256.......................................................... 19

*LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199 (C.D. Cal. 2015) .............. 22

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987)................................................. 19

*Manier v. L'Oreal USA, Inc*, 2017 WL 59066 (C.D. Cal. Jan. 4, 2017)............... 11

*Medlock v. HMS Host USA, Inc.*, 2010 U.S. Dist. LEXIS 133143 (E.D. Cal. Dec. 15, 2010) ................................................................. 10

*Mussetter Distrib., Inc. v. DBIU Beverage Inc.*, 2009 U.S. Dist. LEXIS 61013 (E.D. Cal. July 8, 2009)....................................... 18

*Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) ........................................ 11

*Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 U.S. Dist. LEXIS 56026 (E.D. Cal. May 24, 2011) ................................................... 9

*Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982)................. 9, 14

*Parker v. Fedex Nat'l, Inc.*, 2010 U.S. Dist. LEXIS 130455 (E.D. Cal. Dec. 6, 2010)................................................................. 18

*PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL 686158 (C.D. Cal. Feb. 16, 2011) ............................................................... 11, 13

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ........................................... 15

*Puri v. Hearthside Food Solutions LLC*, 2011 WL 6257182 (C.D. Cal. Dec. 13, 2011)................................................................. 18

*Raynes v. Davis*, 2007 WL 4145102 (C.D. Cal. Nov. 19, 2007) ......................... 18

*Shelby v. Factory Five Racing, Inc.*, 2009 U.S. Dist. LEXIS 15830 (C.D. Cal. Apr. 14, 2009) ............................................................. 19

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988) .............................................. 17

*Stewart v. AT&T, Inc.*, 2007 U.S. Dist. LEXIS 28760 (N.D. Cal. April 3, 2007)................................................................................. 22

*Tompkins v. Basic Research LL*, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008)................................................................................. 12

iv

*U-Haul Int'l, Inc. v. Hire a Helper, LLC*, 2008 U.S. Dist. LEXIS 81497 (D. Ariz. 2008) ................................................................. 20

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ........................................... 15

*Ventress v. Japan Airlines*, 486 F.3d 1111 (9th Cir. 2007) ................... 18

*Viper Networks, Inc. v. Rates Technology Inc.*, 2009 U.S. Dist. LEXIS 110058 (S.D. Cal. Nov. 23, 2009) ................................................... 19

*Walker v. Progressive Casualty Ins. Co.*, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) ............................................................ 13

*Ward v. Follet Corp.*, 158 F.R.D. 645 (N.D. Cal. 1994) ....................... 14

*Weinstein v. Metlife, Inc.*, 2006 U.S. Dist. LEXIS 83115 (N.D. Cal. Nov. 6, 2006) .................................................................. 11

*Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............ 20

*Wright v. RBC Capital Markets Corp.*, 2010 U.S. Dist. LEXIS 80165 (E.D. Cal. June 24, 2010) ........................................................... 13

**Statutes**

28 U.S.C. § 1332(d) ................................................................................. 17

28 U.S.C. § 1391(b) ................................................................................. 16

28 U.S.C. § 1391(c) ................................................................................. 16

28 U.S.C. § 1404(a) ........................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12 .......................................................... 9

Federal Rule of Civil Procedure 12(b)(1) ................................................. 9

Federal Rule of Civil Procedure 12(b)(3) ................................................. 9

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

## I.    INTRODUCTION

Plaintiff Daniel Bryant ("Plaintiff") filed this action as a putative class action alleging unpaid wages, missed meal and rest breaks, and penalties against defendants Werner Enterprises, Inc. ("Werner Enterprises") and Drivers Management, LLC ("Drivers Management") (collectively, "Defendants"). Werner Enterprises is a Nebraska corporation with its headquarters in Omaha, Nebraska. Drivers Management, LLC is a Delaware limited liability company with its principal place of business in Omaha, Nebraska.

This action should be transferred under the first-to-file doctrine because Plaintiff's California-based wage claims are the same as the claims alleged in three other class actions. Two class actions were originally filed in Alameda County in 2014 and 2015, removed to the Northern District of California and then transferred to the District of Nebraska: *Ezequiel Olivares Abarca, et al. v. Werner Enterprises, Inc., et al.*, United States District Court, District of Nebraska, Case No. 8:14-cv-00319-LES-FG3 (formerly styled as *Antonia Russell, et al. v. Werner Enterprises, Inc., et al.*) (hereinafter "*Abarca*") and *William Smith, et al. v. Werner Enterprises, Inc., et al.*, United States District Court, District of Nebraska, Case No. 8:15-cv-00287-LES-FG3 ("*Smith*"). The other class action was originally filed in San Bernardino County in 2016, removed to this Court and then transferred to the District of Nebraska: *Vester et al v. Werner Enterprises, Inc., et al*, United States District Court, District of Nebraska, Case No. 8:17-cv-00145-JFB-MDN ("*Vester*"). The putative class Plaintiff seeks to represent in this action is included within the classes in the *Abarca*, *Smith*, and *Vester* actions. Plaintiff is a member of the class in those actions and was sent notice of those lawsuits.

This action, the *Abarca* action, and the *Vester* action assert claims against Werner Enterprises and Drivers Management, while the *Smith* action asserts claims against Werner Enterprises. All four actions assert California-based wage and hour

claims for compensation, missed meal and rest breaks, and other derivative claims. The classes at issue in the four cases largely overlap –the putative class members in this action are included within the class certified in the *Abarca* and *Smith* actions. Plaintiff is a member of the class in those consolidated cases.

The identical nature of these cases renders this action appropriate for transfer under the first-to-file doctrine – the same basis on which the *Vester* action was transferred to the Nebraska District Court. The resolution of the claims at issue in *Abarca, Smith*, and *Vester* will also resolve the claims at issue in Plaintiff's Complaint. Accordingly, litigating this case separately and in a different forum would create a significant potential for inconsistent adjudications and would result in a monumental waste of judicial resources.

Transfer is also independently appropriate under 28 U.S.C. section 1404(a) – the same basis on which the *Abarca* and *Smith* actions were transferred to the Nebraska District Court. Transfer to Nebraska would provide a more convenient forum for the parties and witnesses because: (1) the venue would be closer to Defendants' headquarters where company records and most (if not all) company witnesses reside; (2) the District of Nebraska is presiding over the *Abarca*, *Smith*, and *Vester* actions, which assert the same California-based wage and hour claims on behalf of a class which includes the class described in Plaintiff's Complaint; (3) because of the work on those cases, the District of Nebraska is familiar with the relevant wage and hour laws; and (4) the District of Nebraska has a local interest in the action because Defendants are headquartered in Omaha, Nebraska. These considerations outweigh any interest Plaintiff may have in litigating the case in California. Defendants request an Order transferring this case to the United States District Court for the District of Nebraska.

///

///

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

## II.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   Procedural Overview

Plaintiff filed this case on February 10, 2020, in the Superior Court of California, County of San Bernardino. (Dkt. No. 1 [Notice of Removal, ¶6, Ex. A].) On May 8, 2020, Defendants timely removed this action to this Court. (*See generally*, Notice of Removal.)

In this action, Plaintiff brings claims on behalf of himself and a putative class of all current and/or former non-exempt employees who were employed by Defendants in the State of California during the period of February 10, 2016 to the present. (Dkt. No. 1 at Ex. A, Complaint, ¶10). Plaintiff alleges he was employed as a driver for Werner and delivered freight in California and Werner therefore understands his claims to be brought on behalf of other truck drivers who made deliveries in the State of California. (Complaint, ¶¶6, 10, 24).

Plaintiff alleges that Defendants failed to pay him and the putative class for all hours worked in violation of California wage laws. Plaintiff asserts seven causes of action against Defendants: (1) failure to pay for all time worked; (2) failure to provide meal periods and/or pay premiums; (3) failure to provide paid rest periods and/or pay premiums; (4) failure to pay timely wages upon termination; (5) failure to furnish complete and accurate itemized wage statements; (6) failure to indemnify necessary business expenses; and (7) unfair competition. (*See generally* Complaint.)

### B.   Plaintiff's Employment With Defendants

Plaintiff was hired by Drivers Management in October 2016 to work as a commercial truck driver. (Declaration of Steven K. Tisinger ("Tisinger Decl.") ¶5.) Plaintiff was terminated due to continued low production and poor communication in September 2017. (*Id.*) When hired, Plaintiff signed an acknowledgement verifying that he entered into his employment relationship in Nebraska. (Tisinger

3

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

Decl. ¶5, Ex. A.)

## C. Defendants' Operations

Werner Enterprises is a Nebraska corporation with its headquarters in Omaha, Nebraska. (Tisinger Decl. ¶2.) Drivers Management is a Delaware limited liability company with its headquarters in Omaha, Nebraska. (*Id.*) Drivers Management is a wholly-owned subsidiary of Gra-Gar, LLC, which is a wholly-owned subsidiary of Werner Enterprises. (*Id.*)

Defendants are transportation and logistics companies with a diversified portfolio of transportation services, including dedicated, medium- to long-haul, regional and local van capacity, expedited, temperature-controlled and flatbed services. (*Id.* ¶3.) Defendants employ interstate truck drivers whose current and last known payroll tax addresses are in all 50 states, Puerto Rico, and Canada. (*Id.*)

Employees at Defendants' headquarters are responsible for processing, preparing, and distributing all payments made to truck drivers, including the putative class members. (Tisinger Decl. ¶6.) Defendants issue paychecks from their headquarters, including all paychecks issued to Plaintiff and the putative class members during the class period alleged by the Plaintiff. (*Id.*) All records relating to these paychecks are also maintained at Defendants' headquarters in Omaha, Nebraska. (*Id.*)

The employees responsible for formulating and administering Defendants' pay policies work at Defendants' headquarters in Omaha, Nebraska. (Tisinger Decl. ¶6.) All corporate policies relating to drivers, including but not limited to payroll policies, were developed at and are maintained at Defendants' headquarters in Omaha, Nebraska. (*Id.* ¶7.) All employment records regarding Plaintiff and the putative class members are maintained at Defendants' headquarters. (*Id.*)

/ / /

/ / /

### D. The Abarca Action

On June 4, 2014, Antonia Russell filed a putative class action in Alameda County Superior Court against Werner Enterprises. (Request for Judicial Notice ["RJN"] ¶1, Ex. A.) On July 9, 2014, Russell filed a First Amended Complaint ("FAC"). (RJN ¶2, Ex. B.) On August 25, 2014, Werner Enterprises timely removed the action to the Northern District of California. (RJN ¶3, Ex. C.)

The FAC asserted claims on behalf of a putative class of truck drivers who work or worked in California for Werner Enterprises after the completion of training at any time from June 4, 2010 to the present. Just like the Complaint in this case, the FAC in *Abarca* alleged that Werner Enterprises failed to pay the putative class for all hours worked and/or paid less than minimum wage in violation of California minimum wage laws and prohibitions against off-the-clock work. Specifically, the FAC asserted six causes of action against Werner Enterprises on behalf of the putative class: (1) failure to provide meal and rest periods; (2) failure to pay minimum and/or regular wages for all time worked; (3) unauthorized and improper "pay deductions"; (4) failure to provide and maintain accurate itemized wage statements and records; (5) violation of Business and Professions Code section 17200 *et seq.*; and (6) violation of other provisions of the Labor Code for which recovery is allowed pursuant to the Private Attorneys' General Act ("PAGA"), Labor Code section 2698 *et seq.* (RJN ¶2, Ex. B (FAC ¶¶16-45).)

On October 6, 2014, the Northern District of California court granted Werner Enterprises' Motion to Transfer for the convenience of parties and witnesses, and transferred the action to the District of Nebraska. (RJN ¶4, Ex. D.) In making its ruling, the court found that: (i) it would be more convenient for Werner Enterprises to litigate the case in Nebraska where its headquarters are located, where its records are maintained, and where it was already defending two

other class actions challenging its methods and practices with regard to paying its truck drivers; (ii) it would be more convenient for most witnesses, which the court found was one of the most important factors for the transfer analysis; and (iii) the remaining factors in the analysis favored transfer. (*Id.*)

Through a series of amended Complaints, Antonia Russell was subsequently removed as a named plaintiff, certain other plaintiffs were substituted, and the case was retitled *Olivares Abarca et al. v. Werner Enterprises, et al.* ("*Abarca*"). Like the Complaint in this case, the operative Fourth Amended Complaint in the *Abarca* action alleges putative class claims on behalf of "all truck drivers who, while working for [Defendants], picked up and/or dropped off a load in the state of California after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit" (the "California Class"). (RJN ¶5, Ex. E (Fourth Amended Complaint in *Abarca*) ¶8.) Six causes of action are alleged against Defendants on behalf of the California Class: (1) failure to provide meal and rest periods; (2) failure to pay minimum and/or regular wages for all time worked; (3) unauthorized and improper "pay deductions"; (4) failure to provide and maintain accurate itemized wage statements and records; (5) violation of Business and Professions Code section 17200 *et seq.*; and (6) violation of other provisions of the Labor Code for which recovery is allowed pursuant PAGA, Labor Code section 2698 *et seq.* (*Id.* ¶¶19-48.) Like the Complaint in this case, the plaintiffs in the *Abarca* action also include requests for waiting time penalties for failure to pay wages due upon termination. (*Id.* ¶¶21, 26, 31.)

## E.    The *Smith* Action

On May 12, 2015, William Smith brought a putative class action against Werner Enterprises in the Superior Court for the State of California, County of Alameda. (RJN ¶6, Ex. F.) On June 26, 2015, Werner Enterprises removed the

*Smith* action to the Northern District of California. (RJN ¶7, Ex. G.)

The Complaint in the *Smith* action asserted claims on behalf of a putative class of truck drivers who claim they worked for Werner Enterprises in California during the period from May 12, 2011, through the present. Just like the Plaintiff's Complaint in this case, the Complaint in *Smith* asserted various causes of action against Werner Enterprises for alleged violations of California wage-and-hour laws: (1) failure to pay compensation for all time worked/all miles driven; (2) failure to provide meal periods; (3) failure to authorize and permit rest breaks; (4) knowing and intentional failure to comply with itemized employee wage statements; (5) failure to reimburse business expenses/illegal deductions; (6) failure to pay timely wages due at termination; and (7) violation of unfair competition law. (RJN ¶6, Ex. F (Complaint ¶¶ 75-156).)

On July 31, 2015, the Northern District of California court granted Werner Enterprises' Motion to Transfer for the convenience of parties and witnesses under 28 U.S.C. section 1404(a), and transferred the *Smith* action to the District of Nebraska. (RJN ¶8, Ex. H.) In making its ruling, the court found that transfer was warranted because there were multiple closely-related cases pending against Werner Enterprises in the District of Nebraska and significant conveniences were likely to be achieved if the *Smith* action also proceeded in that forum. (*Id.*)

On November 19, 2015, the *Smith* action was consolidated with the *Abarca* action, after Nebraska court concluded the cases involved similar allegations of alleged violations of California law and therefore involved common issues of law and fact. (RJN ¶9, Ex. I (Memorandum and Order granting Motion to Consolidate Cases for purposes of discovery and trial).)

On March 20, 2018, the District of Nebraska granted the plaintiffs' motion for class certification in the *Abarca* and *Smith* actions. (RJN ¶10, Ex. J.) Plaintiff is a member of the class certified by the District of Nebraska in *Abarca* and *Smith*.

7

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

(Declaration of Sarah L. (Sally) McGill ("McGill Decl.") ¶2.) Plaintiff was sent notice of the *Abarca* lawsuit on October 9, 2018. (McGill Decl. ¶2.) Plaintiff did not opt out of the *Abarca* class. (*Id.* at ¶3.)

### F.   The *Vester* Action

On December 15, 2016, Brian Vester and Joel Morales brought a putative class action against Werner Enterprises in the Superior Court of California, County of San Bernardino. (RJN ¶11, Ex. K.) On January 20, 2017, Defendants removed the *Vester* action to the Central District of California. (RJN ¶12, Ex. L.)

The Complaint in the *Vester* action asserted claims on behalf of a putative class of truck drivers who claim they worked for Werner Enterprises *exclusively* in California during the period from December 15, 2012, through the present. The Complaint in *Vester*, like the Complaint in this case, asserted various causes of action against Defendants for alleged violations of California wage-and-hour laws: (1) failure to pay compensation for all time worked; (2) failure to provide meal and rest periods; (3) failure to provide and maintain accurate itemized wage statements and records; (4) improper wage deductions; (5) failure to pay timely wages due at termination; and (6) violation of unfair competition law. (RJN ¶11, Ex. K (Complaint ¶¶ 43-53, 54-61, 62-69, 70-74, 75-79, 80-89).)

On April 24, 2017, this Court granted Defendants' Motion to Transfer Venue to the District of Nebraska under the first-to-file rule. (RJN ¶13, Ex. M.) In making its ruling, the court found that transfer was warranted because the *Abarca* and *Smith* actions were filed first and the parties and the issues in all three actions were substantially similar. (*Id.*).

On May 15, 2018, the Nebraska federal court denied the *Vester* plaintiffs' Renewed Motion to Remand and found that the jurisdictional minimum under the Class Action Fairness Act ("CAFA") was satisfied because the amount in controversy exceeded five million dollars and the *Vester* plaintiffs did not establish

to a legal certainty that their claim is for less than the requisite amount. (RJN ¶14, Ex. N.) On July 13, 2018, the Nebraska federal court also consolidated *Vester* with the *Abarca* and *Smith* actions because the Nebraska court concluded the actions all involved similar allegations of alleged violations of California law and therefore involved common issues of law and fact. (RJN ¶15, Ex. O.)

## III.   LEGAL ARGUMENT

### A.   This Action Should Be Transferred Under The First-To-File Rule.

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."[1] *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).

When two cases involving the same parties and issues are filed in two different federal districts, the first-to-file rule permits the second district court to exercise its discretion to transfer, dismiss, or stay the latter suit in the interests of efficiency and judicial economy. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The rule was designed to avoid placing an unnecessary burden on the federal judiciary and to avoid "the embarrassment of conflicting judgments." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Defense*

---

[1] The first-to-file rule is not expressly enumerated in Federal Rule of Civil Procedure 12. *AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.*, 2013 U.S. Dist. LEXIS 3598, at *4 (E.D. Cal. Jan. 9, 2013); *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 U.S. Dist. LEXIS 56026, at *6, fn. 1 (E.D. Cal. May 24, 2011). Some courts consider a motion based on the first-to-file rule to be a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for improper venue under Rule 12(b)(3). *Ervin v. Kelly*, 2010 U.S. Dist. LEXIS 74459 (W.D. Wash. Jul. 23, 2010); *E-Z-EM, Inc. v. Mallinckrodt*, 2010 U.S. Dist. LEXIS 31419 (E.D. Tex. Feb. 26, 2010).

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

*Fund v. U.S. Food & Drug Administration*, 836 F.3d 987, 990 (9th Cir. 2016). The rule serves the purpose of promoting efficiency and should not be disregarded lightly. *Id.* The rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Medlock v. HMS Host USA, Inc.*, 2010 U.S. Dist. LEXIS 133143, at *8 (E.D. Cal. Dec. 15, 2010) (quotations omitted).

To determine whether the first-to-file rule applies, courts must look to three essential factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc.*, 946 F.2d at 625; *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008); *Herrera v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 141976, at *4 (N.D. Cal. Dec. 9, 2011). This case should be transferred to the District of Nebraska under the first-to-file rule because the *Abarca*, *Smith*, and *Vester* actions were filed years before this case, the putative class of truck drivers described in Plaintiff's Complaint is included in the classes described in those actions, and the claims asserted in this case are virtually identical to the claims asserted in *Abarca*, *Smith*, and *Vester*.

**1.      This Action Was Filed After *Abarca*, *Smith*, and *Vester*.**

This action was filed on February 10, 2020, more than five years after *Abarca* was filed, more than four years after *Smith* was filed, and more than three years after *Vester* was filed. (RJN ¶¶1, 6, 11; Exs. A, F, K.) In the *Abarca, Smith*, and *Vester* actions, litigation has been ongoing since the transfer. For example, the Nebraska court granted the plaintiffs' renewed motion for class certification in the *Abarca* and *Smith* actions in March 2018. The *Vester* action was consolidated with *Abarca* and *Smith* on July 13, 2018. (RJN ¶15; Ex. O.) However, virtually nothing has occurred in this action beyond the filing of the Complaint and Defendants' removal. Consequently, this action is the last filed and subject to transfer under the

first-to-file rule. *Intersearch Worldwide*, 544 F. Supp. 2d at 958.

> **2.    This Action Asserts The Same Claims As The *Abarca, Smith,* and *Vester* Actions, Which Have Already Been Transferred To Nebraska.**
>
> **a)    The Parties Substantially Overlap.**

For the first-to-file rule to apply, the actions need not be mirror images of each other; rather, it is sufficient for the parties to be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Accordingly, if some parties in one matter are also parties in the other matter, the parties are deemed similar for purposes of the comity doctrine. *Intersearch Worldwide*, 544 F. Supp. 2d at 959 n.6 (explaining exact identity of parties is not required to satisfy the first-to-file rule); *PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011).

Here, both Werner Enterprises and Drivers Management are named defendants in this action and in *Abarca* and *Vester* and Werner Enterprises is a named defendant in *Smith*. Thus, the defendants in all four actions are the same for purposes of applying the first-to-file doctrine.

The putative classes are compared when evaluating the plaintiffs for purposes of applying the first-to-file rule. *Manier v. L'Oreal USA, Inc*, 2017 WL 59066, at *3 (C.D. Cal. Jan. 4, 2017); *Weinstein v. Metlife, Inc.*, 2006 U.S. Dist. LEXIS 83115, at *11 (N.D. Cal. Nov. 6, 2006). Here, Plaintiff is a former truck driver who seeks to represent a class of current and/or former Werner drivers who made freight deliveries in the State of California from February 10, 2016 to the present. (Complaint, ¶¶6, 10). This class is included within the broader classes described in *Abarca*, *Smith*, and *Vester*, where the plaintiffs represent truck drivers who worked for Defendants in California from June 4, 2010 (*Abarca*), May 12, 2011 (*Smith*), and December 15, 2012 (*Vester*) to the present. Plaintiff is a member

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

of the class in the *Abarca*, *Smith*, and *Vester* actions and has not opted out of the class. (McGill Decl. ¶¶2-3). Accordingly, the parties in this action are sufficiently identical to the parties in *Abarca, Smith,* and *Vester* to warrant transfer. (RJN ¶13, Ex. M) (transferring *Vester* action to the District of Nebraska under the first-to-file rule). *See Belle v. Chrysler Group, LLC*, 2013 WL 12131368, at *5 (C.D. Cal. Apr. 8, 2013) (transferring putative class action to District of New Jersey when two putative class actions seeking to represent similar classes were pending there); *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *6 (E.D. Cal. Apr. 22, 2008) (transferring putative class action when the putative class was included within a putative nationwide class pending in the District of Utah).

### b) The Issues/Claims In This Action Are The Same As In *Abarca*, *Smith*, and *Vester*.

This action, *Abarca*, *Smith*, and *Vester* all seek class action redress for the same California-based wage and hour claims, on behalf of the same putative class. All four lawsuits contend that Werner: (i) has a piece-rate pay system that fails to lawfully pay drivers for all wages owed; (ii) does not provide lawful meal breaks; (iii) does not authorize lawful rest breaks; (iv) does not issue accurate wage statements; and (v) has engaged in unfair competition. All four lawsuits assert the same factual allegations, the same legal theories, are based on the same California statutes and laws, and seek the same remedies.

Plaintiff's Complaint also includes a cause of action for failure to indemnify business expenses based on drivers' purported use of their personal cell phones to contact dispatchers and customers. (*See* Complaint, ¶¶44, 83-86.) Like Plaintiff's Complaint, the *Smith* Complaint alleges Werner failed to reimburse and/or indemnify business expenses of drivers, "including, but not limited to lumper fees, scale fees, and other expenses incurred in direct consequence of the discharge of their work duties." (RJN ¶6, Ex. F at ¶29; *compare* Complaint, ¶¶44, 83-86 *with*

RJN ¶6, Ex. F at ¶¶11, 17-18, 24, 29, 46, 131-139).  Plaintiff's cause of action for failure to indemnify business expenses substantially overlaps with the claim in *Smith* for failure to indemnify business expenses. *PETA, Inc.*, 2011 WL 686158, at *2; *Walker v. Progressive Casualty Ins. Co.*, 2003 U.S. Dist. LEXIS 7871, at *7-*8 (W.D. Wash. May 9, 2003) ("[s]light differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical"); *Herrera*, 2011 U.S. Dist. LEXIS 141976, at *7.

The *Abarca* action also asserts a penalty claim under the Private Attorney General Act ("PAGA") which is not asserted in this action or the *Smith* or *Vester* actions. The PAGA claim is completely derivative of the other claims, which are almost identical in these cases. The fact that there is not complete identity of the claims does not defeat a motion to transfer. As long as there is substantial similarity between one or more claims—as there is here—then the first-to-file doctrine should apply. *Wright v. RBC Capital Markets Corp.*, 2010 U.S. Dist. LEXIS 80165, at *20-21 (E.D. Cal. June 24, 2010) (applying the first-to-file rule even though the first class action included allegations not at issue in the second class action); *Fossum v. Northwestern Mut. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 99904, at *4-*6 (N.D. Cal. Sept. 6, 2010) (first-to-file doctrine applied to two cases based on same set of facts with different causes of action alleged).

Because the issues and claims in this action are virtually identical to the issues and claims in *Abarca, Smith*, and *Vester*, transfer is warranted under the first-to-file doctrine. (*See* RJN ¶13, Ex. M) (transferring *Vester* action to the District of Nebraska under the first-to-file rule).

### 3. None Of The Exceptions To The First-To-File Rule Apply.

None of the recognized exceptions to the first-to-file rule apply here. The first-to-file rule may not be applied where the first action is filed merely to forum shop, *see Alltrade*, 946 F.2d at 628, when the later filed action has progressed

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

further, *see Church of Scientology of California*, 611 F.2d at 750, or where "the balance of convenience weighs in favor of the later filed action," *see Ward v. Follet Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Here, there is no evidence that the *Abarca, Smith,* or *Vester* actions were filed for purposes of forum shopping. Nor has this case progressed further. The other cases have been proceeding in Nebraska for over five years. The fact that the earlier-filed *Abarca, Smith,* and *Vester* actions are already being litigated in Nebraska outweighs any argument that Plaintiff, as a California resident, has a right to have his case heard in California. None of the exceptions to the first-to-file rule are applicable here.

### 4.      All Other Relevant Factors Weigh Heavily In Favor Of Transfer.

In addition to being last-filed and substantially duplicative of the earlier-filed *Abarca, Smith,* and *Vester* actions, transfer of the instant action is supported by all other considerations relevant under the first-to-file doctrine.[2] These include promoting judicial economy and the risk of conflicting judgments. *Pacesetter Systems, Inc.*, 678 F.2d at 96.

After handling the *Abarca, Smith,* and *Vester* actions for over five years, the Nebraska District Court is familiar with the facts relevant to this case, including Defendants' pay policies and practices and California wage and hour laws. Accordingly, the Nebraska District Court is well-suited to adjudicate this action with the *Abarca, Smith,* and *Vester* actions.

Failure to transfer the action is highly likely, if not certain, to result in inconsistent judgments and a substantial waste of judicial resources. Resolution of

---

[2] Although this Court has the discretion to dismiss or stay a later-filed lawsuit in the interests of efficiency and judicial economy, Defendants only seek a transfer at this time and do not ask for these other remedies but otherwise reserve all rights to do so in the future. *Alltrade, Inc.*, 946 F.2d at 628-29.

*Abarca, Smith,* and *Vester* could fully or partially bar the claims in this action under the doctrines of *res judicata*, collateral estoppel, or offset. Because *Abarca, Smith*, and *Vester* have progressed significantly, it is highly likely that the Nebraska court will rule first on the identical issues plead in this case. The Nebraska court's rulings would then bind Plaintiff from re-litigating the same issues.

If transfer is denied and this action and the *Abarca, Smith,* and *Vester* actions proceed simultaneously in different jurisdictions, there is a risk for significant unfairness to Defendants. The putative class members in this case could observe the other cases and then decide whether to opt out of those cases based on how well they are proceeding for the plaintiffs. The result would be a significant unfairness to Defendants and the entire legal process. Given the potential for inconsistent rulings on identical issues, the potential inequity, and the efficiencies associated with having one judge oversee identical claims asserted on behalf of the same individuals and related discovery, transfer is warranted under the first-to-file doctrine. (*See* RJN ¶13, Ex. M) (transferring *Vester* to Nebraska under the first-to-file rule).

**B.      This Action Should Also Be Transferred Under 28 U.S.C. § 1404.**

A district court may transfer a civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). This provision is a "federal housekeeping measure, allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (quotations omitted). Its purpose is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted). To support a motion for transfer the moving party must show: (1) venue is proper

in the transferor district; (2) the transferee district is one where the action might have been brought; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

Venue is proper in the District of Nebraska because Plaintiff could have filed this case in Nebraska. The interests of justice are better served by transferring this case to Nebraska because the previously-filed cases have progressed further and transfer to the District of Nebraska is necessary to prevent the risk of inconsistent results. The *Abarca* and *Smith* actions were already transferred to Nebraska under a convenience analysis, confirming that the convenience of the parties and witnesses supports transfer here.

### 1.   Venue Is Proper In The District Of Nebraska.

Venue is proper in any district where "any defendant resides, if all defendants reside in the same State," or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b); *Fuchun Chang v. Flagstar Bank FSB*, 2014 U.S. Dist. LEXIS 41711, at *4-5 (N.D. Cal. Mar. 24, 2014). Defendants "reside" in the District of Nebraska because they are subject to personal jurisdiction in the District of Nebraska by virtue of the fact that their corporate headquarters are located there. *See* 28 U.S.C. § 1391(c) (corporate defendants, such as Defendants, "reside" in any judicial district in which they are subject to personal jurisdiction). Venue is proper in Nebraska because Defendants "reside" in Nebraska.

Venue is also proper in the District of Nebraska because a substantial part of the alleged conduct about which Plaintiff complains occurred in the Nebraska. Plaintiff acknowledged when he accepted employment that his employment relationship was entered into in Nebraska. (Tisinger Decl. ¶5, Ex. A.) Plaintiff's allegations center around Defendants' pay policies, all of which were formulated in

Nebraska, where Defendants' corporate headquarters and principal place of business are located. (*Id.* ¶7.) Accordingly, a substantial portion of the alleged conduct on which Plaintiff relies as the basis for his claims occurred, if at all, in Nebraska.

### 2.   Plaintiff Could Have Filed This Action In Nebraska.

Plaintiff also could have filed this action in the District of Nebraska because that District has original jurisdiction over this case under CAFA. 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under state law or federal law in which any member of a class is a citizen of a state different from any defendant, where the number of putative class members is one hundred or more, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000. *See id.* This case meets all of the requirements for removal, as it is brought on behalf of more than one hundred putative class members, at least one of whom is a citizen of a state different from Defendants, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. *See id.*; Notice of Removal.

### 3.   Transfer Will Serve The Convenience Of Parties And Witnesses And Will Promote The Interest Of Justice.

The decision to transfer a case is within the sound discretion of the district court judge on a "case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotations omitted). In addition to the convenience of the parties and witnesses and the interests of justice, courts may consider the following factors to determine whether a transfer is warranted:

> (1) the plaintiff's choice of forum; (2) the location where the events at issue took place; (3) the differences in the costs of litigation in the two forums; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) any local interest in the

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

controversy; (7) the ease of access to sources of proof; (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (9) the state that is most familiar with the governing law.

*Raynes v. Davis*, 2007 WL 4145102, at *2 (C.D. Cal. Nov. 19, 2007) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). The relative levels of docket congestion has also been deemed an appropriate consideration. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1119 (9th Cir. 2007). Courts also consider the efficient use of resources and avoidance of unnecessary waste and expense as well as the desire to avoid inconsistent adjudications. *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent"); *Mussetter Distrib., Inc. v. DBIU Beverage Inc.*, 2009 U.S. Dist. LEXIS 61013, at *13 (E.D. Cal. July 8, 2009).

Here, because the putative class in this case is included within the classes described in the *Abarca, Smith*, and *Vester* complaints, this Court should transfer this action to the District of Nebraska where the *Abarca, Smith*, and *Vester* actions are already pending. *See Puri v. Hearthside Food Solutions LLC*, 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011) ("The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor.") (quoting *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005). The mere fact that other related actions are pending in Nebraska is a sufficient justification for transferring this action. *Parker v. Fedex Nat'l, Inc.*, 2010 U.S. Dist. LEXIS 130455, *12 (E.D. Cal. Dec. 6, 2010) (transferring class action to Central District, where a related case was pending, because the interest of judicial efficiency and economy weighed heavily in favor of

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

transfer even though parties were different); *Viper Networks, Inc. v. Rates Technology Inc.*, 2009 U.S. Dist. LEXIS 110058, *11 (S.D. Cal. Nov. 23, 2009) (similar).

If this case is not transferred to the District of Nebraska and is allowed to proceed simultaneously in this jurisdiction, there is a risk of inconsistent rulings and judgments on identical legal issues, for identical parties. Absent transfer, two courts would be overseeing virtually identical claims asserted on behalf of virtually identical parties with virtually identical discovery, which will result in a waste of judicial resources and the parties' resources.

> a)      **The Court Should Give Little Weight To Plaintiff's Choice of Forum.**

Although a plaintiff's choice of forum may be accorded some deference when deciding whether to transfer, less deference applies in class action proceedings because putative class members and alleged violations often cross different venues. *See, e.g., Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"); *King-Scott*, 2010 U.S. Dist. LEXIS 44256 at *6. A plaintiff's choice of forum is not conclusive when a previously-filed lawsuit involving the same or similar issues has been proceeding in another forum. *See, e.g., Shelby v. Factory Five Racing, Inc.*, 2009 U.S. Dist. LEXIS 15830, *11-12 (C.D. Cal. Apr. 14, 2009) (transferring matter from plaintiff's forum of choice to another district where action dealt with similar parties and issues and was first filed there).

The *Abarca, Smith*, and *Vester* actions were filed first, are pending in Nebraska and assert the same claims on behalf of classes that include the putative class Plaintiff seeks to represent. Although the *Abarca, Smith,* and *Vester* actions were filed in California, courts in California already properly transferred them to

Nebraska. The fact that two class actions involving the same claims and the same parties were previously transferred on convenience grounds and are now being litigated in Nebraska provides compelling grounds for a convenience transfer of this case as well.

> **b)  The Convenience Of Parties And Witnesses Weighs In Favor Of Transfer.**

The convenience of the parties and witnesses is entitled to great weight in this Court's transfer analysis. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1109 (N.D. Cal. 2001); *U-Haul Int'l, Inc. v. Hire a Helper, LLC*, 2008 U.S. Dist. LEXIS 81497, *5 (D. Ariz. 2008) ("'The convenience of both party and non-party 'witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'") (internal citations omitted). Defendants' key witnesses and relevant documents are, in large part, located in Nebraska. (Tisinger Decl. ¶¶6-7.) Trial in California would be extremely costly for Defendants, who would have to pay the transportation, meal, and lodging costs for defense witnesses' attendance at trial in California. Defendants would also suffer disruption of business operations while key employees are away from their jobs. The expense and the disruption to Defendants' business would be dramatically reduced if trial were conducted in Nebraska. The District of Nebraska is a much more convenient forum for Defendants. *See Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 U.S. Dist. LEXIS 35500, *11-12 (N.D. Cal. May 3, 2007).

Section 1404(a) also favors transfer to a venue where the burden on witnesses will be clearly reduced. *In re Funeral Consumers Antitrust Litig.*, 2005 U.S. Dist. LEXIS 48243, *4 (N.D. Cal. Sept. 23, 2005). The burden on witnesses – particularly those who have to travel in order to testify at trial – can be significant:

> These individuals must take time out of their work and private time to travel and from the place of trial, to live away from

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

home and to wait around windowless corridors on call to testify. Back home, they have children to get to school, elderly parents to care for, jobs to do and lives to lead – all of which must be managed somehow or put on hold. Although lawyers tend to underestimate this burden, it is genuine, all the more so in a distant city. Even where a witness is an employee of a party and will be paid, the disruption is still a hard fact. The expenses of housing and meals, even if borne by a party, are nonetheless authentic outlays.

*Id.* Witnesses coming from Nebraska will be required to travel up to a full work day or more in each direction to get to California. If this case were tried in Nebraska, most of Defendants' witnesses could be in the courtroom within a couple hours because they live and work in the area. Because other related actions are pending in the District of Nebraska, a transfer would also allow defense witnesses to appear once in a single venue, rather than appear multiple times in multiple venues to testify on the same issues. *Alexander v. Franklin Res., Inc.*, 2007 U.S. Dist. LEXIS 19727, *3 (N.D. Cal. Feb. 14, 2007); *Jolly*, 2005 WL 2439197, at *2. The availability of compulsory process in Nebraska would also make it easier to compel attendance of witnesses located in Nebraska. These factors weigh in favor of transfer.

       c)      **The Ease Of Access To Sources Of Proof Favors Transfer.**

Defendants' human resources policies, pay policies, and payroll documents were generated and are maintained at Defendants' corporate headquarters in Nebraska. (Tisinger Decl. ¶¶6-7.) Time records and personnel files for Plaintiff and other putative class members are also maintained in Nebraska. (*Id.*) Witnesses likely to testify about these matters are located in or very close to Omaha, Nebraska. (*Id.*) The fact that these policies, practices, and records are all located in Nebraska supports transferring this case to Nebraska. *See Bradley-Brown v. Am.*

*Home Mortg. Servicing, Inc.*, 2012 WL 254064, at *3 (C.D. Cal. Jan. 25, 2012) (granting motion to transfer when key policies and procedures were located at defendant's headquarters in Texas); *Evancho*, 2007 U.S. Dist. LEXIS 35500 at *15 (granting a motion to transfer venue to the location of the defendant's corporate headquarters, in part, because the policies and practices that underlie the action originated at the New Jersey headquarters); *Stewart v. AT&T, Inc.*, 2007 U.S. Dist. LEXIS 28760, *10 (N.D. Cal. April 3, 2007) (transferring ERISA class action to San Antonio, in part, because the plan was designed, amended, and administered from the defendant's San Antonio headquarters, where most of the employees responsible for the plan worked).

> ### d)     The District Of Nebraska Is Familiar With The Relevant Wage And Hour Laws.

Plaintiff alleges seven causes of action arising under California law. Simply because these claims are premised on California law, however, does not mean that such claims can only be decided by a California court. Courts regularly adjudicate claims based on law from other jurisdictions. Judges in the District of Nebraska are undoubtedly capable of applying the applicable wage and hour laws. *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1206 (C.D. Cal. 2015) ("Federal courts in other states are fully capable of applying California law.") (internal quotation marks omitted); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013) (same).

That is particularly true here, where the Nebraska District Court has been presiding over the *Abarca, Smith,* and *Vester* actions, which assert the same California wage and hour claims at issue in this action, for over five years and is familiar with the California legal issues present here. Three federal courts in California already determined when they transferred *Abarca, Smith,* and *Vester*

that the Nebraska District Court would adequately preside over a case involving California law.

      **e)**      **The Alleged Events On Which Plaintiff Relies As The Basis for His Claims Occurred, if at all, in the District of Nebraska.**

Defendants anticipate Plaintiff may argue the alleged conduct on which his claims rely occurred in California. However, Plaintiff's allegations are based on policies applicable to drivers which are formulated in Nebraska. (Tisinger Decl. ¶¶6-7.) Defendants are headquartered in Nebraska and all payroll is processed and distributed from Nebraska. (*Id.*). The District of Nebraska is currently presiding over *Abarca, Smith,* and *Vester*, which assert the same claims on behalf of classes which include the class Plaintiff seeks to represent. This factor weighs in favor of transfer.

      **f)**      **The Relative Docket Congestion Weighs In Favor of Transfer.**

The docket of the Central District of California is more congested than the docket of the District of Nebraska. According to the Federal Court Management Statistics (available at https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2019), in the twelve-month period ending December 31, 2019, the Central District of California had 18,125 total filings and 14,695 cases pending, whereas the District of Nebraska had 1,569 total filings and 1,224 cases pending. The judges in the Central District of California on average have 117 more pending cases per judge (525 cases) than do the judges in the District of Nebraska (408 cases). Because the Central District of California is more congested than the District of Nebraska, transfer to the District of Nebraska would promote judicial efficiency and the speedy resolution of case.

/ / /

DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE

**g)      Considerations Of Judicial Economy Favor Transfer.**

This action has only been before this Court since February 10, 2020. A transfer will not significantly disrupt this litigation or result in a waste of judicial resources because nothing has occurred in this case since it was removed. Additionally, it would be more efficient to allow the judge who is already handling identical claims in *Abarca, Smith*, and *Vester* and who is therefore already familiar with the claims, relevant facts, and legal theories, to handle this case as well. Because this case asserts claims identical to those in *Abarca, Smith*, and *Vester,* it would be a waste of judicial resources and the parties' resources to require the parties to litigate these cases separately, with separate discovery, separate depositions, and separate motion practice.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court transfer this case to the United States District Court for the District of Nebraska, under the first-to-file doctrine, or in the alternative, based on the convenience of the parties and witnesses and the interests of justice under 28 U.S.C. section 1404(a).

DATED:  May 15, 2020          STOKES WAGNER ALC

By: /s/ Peter B. Maretz
PETER B. MARETZ
Attorney for Defendants WERNER
ENTERPRISES, INC. and DRIVERS
MANGEMENT, LLC